IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DORIAN LAZO GONZALEZ,<br><br>Petitioner,<br><br>vs.<br><br>STEVEN M. BIONDI, Warden (or Administrator), Lincoln County Jail; and TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement;<br><br>Respondents. | **8:26CV384**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Dorian Lazo Gonzalez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents. Because Petitioner was convicted of an aggravated felony, he is subject to mandatory detention. Accordingly, the Court dismisses the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. Filing No. 9 at 3. He lawfully entered the United States as a Cuban parolee and adjusted status to lawful permanent resident on November 17, 2017. *Id.* On November 28, 2019, Petitioner was arrested by U.S. Border Patrol in New Mexico and charged with a violation of 8 U.S.C. § 1324 for transporting illegal aliens. *Id.* He was convicted of that charged and sentenced to thirty days on October 27, 2020. *Id.* It appears Petitioner was not placed into removal proceedings or detained at that time.

However, on June 1, 2026, the Watford City, North Dakota, Sheriff's Office contacted ICE after having detained Petitioner for traffic offenses. *Id.* at 4. ICE determined Petitioner was subject to removal proceedings based on his prior conviction

for alien smuggling and issued an administrative warrant dated June 1, 2026. Filing No. 9-2 at 1. Petitioner was arrested pursuant to the warrant and issued a notice to appear for removal proceedings dated June 3, 2026. Filing No. 9-1.

The immigration judge held a custody hearing on June 25, 2026, and determined Petitioner was subject to mandatory detention based on his aggravated felony conviction for transporting illegal aliens. Filing No. 9-3. Respondents represent that on August 5, 2026, after the filing of the Petition, Petitioner was ordered removed from the United States to Cuba. Filing No. 9 at 5. Petitioner has reserved his right to appeal and indicated he intends to appeal, meaning his removal order is not yet final. *Id.*

Petitioner remains detained and now petitions for habeas corpus relief, arguing his detention is unlawful and he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner argues he is being unlawfully held by Respondents because he was not lawfully arrested and should be released. Filing No. 1 at 7–8. But the record reveals Respondents properly obtained an administrative warrant before arresting Petitioner. Filing No. 9-2. Furthermore, Petitioner is not eligible to be released on bond. As the

immigration judge found, Petitioner's conviction subjects him to mandatory detention. Filing No. 9-3.

The INA provides, "The Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A) . . . (iii) . . . of [Title 8]." 8 U.S.C. § 1226(c)(1)(B). In turn, that enumerated sections states, "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of aggravated felony includes "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter." 8 U.S.C. § 1101(a)(43)(N). Petitioner has not argued that of the enumerated exceptions apply to his situation, and the Court finds that 8 U.S.C. § 1226(c) therefore mandates Petitioner's detention due to his conviction of an enumerated felony.

This Court is without authority to grant Petitioner the relief he seeks. Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. The Court will enter a separate judgment.

Dated this 17th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge